# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PHILLIP A. BROWN, II,
#271566

        Petitioner,

v.                                                Case Number: 09-CV-14850
                                                  Honorable Victoria A. Roberts

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER
## GRANTING PETITIONER'S MOTION TO AMEND HABEAS PETITION

Petitioner Phillip A. Brown, II, a state prisoner currently incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* "Petitioner for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder and felonious assault, which were imposed by an Oakland County, Michigan, Circuit Court jury. In his *pro se* pleadings, Petitioner alleges that he is entitled to habeas relief because (1) his rights under the Confrontation Clause were violated, (2) he was denied his right to be present at critical stages of the trial, (3) his trial and appellate counsel were ineffective, (4) he was denied his right to an impartial jury, (5) the prosecutor committed misconduct, (6) his right to counsel at a critical stage of the proceeding was violated, (7) his right to Compulsory Process was violated, (8) there were jurisdictional defects, (9) there were state court procedural violations, and (10) his due process rights were violated.

In response to Petitioner's Habeas Petition, on December 30, 2009, the Court ordered that Respondent file his Answer to the Petition by June 30, 2010. (Dkt. # 2.) Pending before the Court is Petitioner's "First Amended Petition," filed on February 16, 2010. (Dkt. # 3.) The

Court will construe Petitioner's Amended Petition as a Motion for Leave to File an Amended Petition and will grant the Motion and deem the Amended Habeas Petition filed.

**I.**

The mandate of Fed.R.Civ.P. 15(a) that a court freely grant leave to amend when justice so requires has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. *See Anderson v. United States*, No. 01-2476, 2002 WL 857742, at *3 (6th Cir. May 3, 2002); *Oleson v. United States*, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001). The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F.3d 680 686 (8th Cir. 1999). Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998).

The Court grants Petitioner's Motion. Petitioner filed his Motion to Amend before Respondent's Answer and the Rule 5 materials are due to be filed with the Court. Moreover, Petitioner does not seek to add additional claims but embellishes his Petition with attached Affidavits and other documentation, including but not limited to, Court Opinions and Orders, Motions, Jury Transcripts, Police Reports, and Copies of Photographs. There is no evidence that Petitioner acts in bad faith, that there is prejudice to Respondent, or that court proceedings will be delayed. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994). Additionally, because Petitioner filed this Motion to Amend the Petition before the adjudication of the issues in his Petition, the Motion to Amend should be granted. *Stewart v. Angelone*, 186 F.R.D. 342, 343

(E.D. Va. 1999).

Against that backdrop, the Court finds that Respondent will not be prejudiced if the Court allows Petitioner to amend his Habeas Petition. Therefore, with the Court's permission, Petitioner may amend his Habeas Petition. Fed.R.Civ.P. 15(a)(2).

## II.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Amend is **GRANTED** [dkt. # 3], and the proposed Amended Petition is accepted as filed.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 11, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Phillip A. Brown II by electronic means or U.S. Mail on March 11, 2010.

s/Carol A. Pinegar
Deputy Clerk