**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PHILLIP BROWN, # 271566,

       Petitioner,

                                                     Case Number: 09-cv-14850

v.                                               Honorable Victoria A. Roberts

CINDI CURTIN,

       Respondent.
                                        /

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR
SUMMARY JUDGMENT, (2) DISMISSING WITH PREJUDICE THE
PETITION FOR WRIT OF HABEAS CORPUS, (3) DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, (4) DENYING AN APPLICATION FOR LEAVE
TO PROCEED ON APPEAL *IN FORMA PAUPERIS*, AND (5) DENYING
PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT, FOR DECLARATORY
RULING, FOR COSTS AND FEES, FOR EVIDENTIARY HEARING, TO APPOINT
COUNSEL, AND TO EXPAND THE RECORD AS MOOT**

This is a habeas case brought under 28 U.S.C. § 2254. Petitioner Phillip Brown, a state prisoner incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* "Petition for Writ of Habeas Corpus" on December 14, 2009, asserting that he is in prison in violation of his constitutional rights.

On February 10, 2003, Petitioner was convicted by a jury of first-degree premeditated murder and felonious assault. He was sentenced to life in prison for the murder conviction and twenty-three to forty-eight months in prison for the felonious-assault conviction.

Respondent did not file an Answer to the Petition. Rather, Respondent filed a "Motion for Summary Judgment," arguing that the Petition was not filed timely under 28 U.S.C. § 2244(d)(1). To date, Petitioner has not filed a Reply to Respondent's Motion. Rather, he has filed the following Motions: (1) Motion for Summary Judgment, (2) Motion for Declaratory

Ruling, (3) Motion for Costs and Fees, (4) Motion for Evidentiary Hearing, (5) Renewed Motion to Appoint Counsel, and (6) Motion to Expand the Record.

For the reasons stated, the Court grants Respondent's Motion and dismisses Petitioner's Habeas Petition. The Court also declines to issue Petitioner a Certificate of Appealability and also denies him an Application for Leave to Proceed on Appeal *In Forma Pauperis*. Because the Court dismisses the Petition, the Court denies Petitioner's Motions as moot.

## I. BACKGROUND

This case arises from a shooting which occurred on April 3, 2002. It resulted in the death of Randy Pardy. Petitioner was convicted of murdering Pardy by shooting him with an arrow, and stabbing him twice with a knife at an apartment that he shared with Brian Weigold. Petitioner was also convicted of feloniously assaulting Weigold when he swung the knife at him during the incident. Petitioner did not deny killing Pardy, but he claimed he did so in self-defense.

Trial began on February 3, 2003 and lasted five days. He was sentenced on February 25, 2003.

Petitioner filed an Appeal of Right with the Michigan Court of Appeals. In that Appeal, he raised the following six claims: (1) the trial court erred in excluding pertinent evidence regarding the State's key witness, Weigold, (2) the trial court erred in permitting a deputy to testify as an expert witness, (3) he was denied his right to present a complete defense, (4) the prosecutor committed misconduct, (5) the trial court erred in permitting testimony regarding prior bad acts, and (6) the trial court erred in answering a jury question. On August 19, 2004, the

Michigan Court of Appeals affirmed his convictions and sentences. *People v. Brown*, No. 247313, 2004 WL 1857995 (Mich.Ct.App. Aug. 19, 2004).

Petitioner filed an Application for Leave to Appeal with the Michigan Supreme Court, raising the same claims raised in the Court of Appeals. On June 28, 2005, the Michigan Supreme Court denied his Application. *People v. Brown*, 472 Mich. 937; 698 N.W.2d 393 (2005).

Subsequently, on June 12, 2006, Petitioner filed a Motion for Relief from Judgment[1] with the trial court, raising the following six claims: (1) he was absent at a critical stage of the proceedings, (2) the supplemental jury instructions were prejudicial, (3) his trial counsel was ineffective, (4) the prosecutor committed misconduct, (5) his appellate counsel was ineffective, and (6) the trial court erred in failing to conduct an arraignment. The trial court denied his Motion on August 10, 2006. *People v. Brown*, No. 02-184580-FC (Oakland County Circuit Court, Aug. 10, 2006).

Petitioner filed a Delayed Application for Leave to Appeal the trial court's decision with the Michigan Court of Appeals, raising the same claims. The Court of Appeals denied the Delayed Application for failure to meet the burden of establishing entitlement to relief under to Mich.Ct.R. 6.508(D). *People v. Brown*, No. 283419 (Mich.Ct.App. May. 12, 2008). Petitioner then filed an Application for Leave to Appeal that decision with the Michigan Supreme Court, again raising the same claims. The Michigan Supreme Court denied the Application on March

---

[1]The filing of that Motion is not reflected in the trial court docket sheet. However, the trial court, in an Opinion and Order dated May 14, 2008, granted Petitioner's Motion to correct the docket sheet, reflecting that he filed his Motion for Relief from Judgment on June 12, 2006. *People v. Brown*, No. 02-184580-FC (Oakland County Circuit Court, May 14, 2008).

3

23, 2009, "because the defendant's motion for relief from judgment is prohibited by MCR 6.502(G)." *People v. Brown*, 483 Mich. 912; 762 N.W.2d 517 (2009).

This Habeas Petition was signed on December 8, 2009, and filed with the Court on December 14, 2009. The Court granted a Motion to Amend the Petition; Amended Petition was filed on March 11, 2010, raising the same claims.

## II. STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's Application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's Application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year limitations period does not begin to run until the day after the Petition for a Writ of Certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a Petition for a Writ of Certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim is pending, tolls any period of limitation contained in the statute. A petition for post-conviction relief is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is only effective when collateral review is properly sought within the limitations period. *Id.*

On a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

After completion of state-court collateral review, the statute of limitations is not tolled

during the pendency of a Certiorari Petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327 (2007).

### III. DISCUSSION

#### A. Timeliness of Petition

In this case, Petitioner did not file his Habeas Petition within the statute of limitations period. Petitioner's Application for Leave to Appeal to the Michigan Supreme Court was denied on June 28, 2005. Petitioner then had ninety days from that Order, or until September 26, 2005, in which to seek a Writ of Certiorari with the United States Supreme Court. Sup.Ct.R. 13. Thus, for statute of limitations purposes, Petitioner's conviction became final on or about September 26, 2005. The limitations period commenced the following day, September 27, 2005, and continued to run uninterrupted until it expired on September 27, 2006. Accordingly, Petitioner was required to file his habeas petition on or before September 27, 2006, excluding any time during which a properly filed Application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

On June 12, 2006, Petitioner filed a Post-Conviction Motion in state court, tolling the limitations period. At the time Petitioner's Motion was filed, 258 days of the limitations period had run. The limitations period was thus tolled from June 12, 2006 to March 23, 2009, when the Michigan Supreme Court denied Petitioner's Application for Leave to Appeal. Petitioner then had approximately 107 days remaining in the limitations period, or until July 8, 2009, within which to file his Habeas Petition.

Petitioner signed his Habeas Petition on December 8, 2009. It was filed with this Court on December 14, 2009, five months after the expiration of the one-year statute of limitations. Hence, Petitioner is barred from habeas relief by the untimely filing of his Petition.

### B. Equitable Tolling

However, recently, in *Holland v. Florida*, -- S.Ct. --, 2010 WL 2346549 (June 14, 2010), the United States Supreme Court held that the statute of limitations for habeas actions is subject to equitable tolling. Additionally, the United States Court of Appeals for the Sixth Circuit, has determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The applicability of equitable tolling on grounds of actual innocence has yet to be decided by the Supreme Court but recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). The Supreme Court in considering the question of equitable tolling in habeas cases, determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way. *Holland*, -- S.Ct. --, 2010 WL 2346549, at *12.

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'"  *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004)).  "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Keenan*, 400 F.3d at 421 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir.2000)); *see Holland*, -- S.Ct. --, 2010 WL 2346549, at *12.  The Sixth Circuit has repeatedly cautioned that equitable tolling should be granted sparingly.  *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare.") (citation omitted).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Griffin*, 308 F.3d at 653.

In *Souter*, the Sixth Circuit held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *Souter*, 395 F.3d at 588-90.  As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims."  *Souter,* 395 F.3d at 602.  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

8

Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner is not entitled to equitable tolling under either *Dunlap* or *Souter*. He failed to establish that he was not aware of the filing requirement or that he diligently pursued his rights. Additionally, Petitioner does not assert that he is entitled to equitable tolling because he is actually innocent. Rather, Petitioner admitted he killed Pardy. Petitioner is not entitled to equitable tolling.

Since he failed to establish entitlement to either statutory or equitable tolling, Petitioner's Petition is dismissed as untimely.

### C. Certificate of Appealability

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a Certificate of Appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a Habeas Petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a Certificate of Appealability should issue, and an appeal of the district court's Order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

9

could not conclude either that the district court erred in dismissing the Petition or that the Petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court declines to issue Petitioner a Certificate of Appealability; reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner filed his Habeas Petition outside of the one year limitations period. *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002). Nor should Petitioner be granted an Application for Leave to Proceed on Appeal *In Forma Pauperis*. *See* Fed. R. App. P. 24(a).

### IV. CONCLUSION

The Court **GRANTS** Respondent's "Motion for Summary Judgment" [dkt. 12], and **DISMISSES WITH PREJUDICE** Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1].

The Court **DECLINES** to issue Petitioner a Certificate of Appealability and also **DENIES** him an Application for Leave to Appeal *In Forma Pauperis*.

The Court **DENIES** the following Motions as **MOOT**: (1) Motion for Summary Judgment [dkt. # 13], (2) Motion for Declaratory Ruling [dkt. # 14], (3) Motion for Costs and Fees [dkt. # 15], (4) Motion for Evidentiary Hearing [dkt. # 16], (5) Renewed Motion to Appoint Counsel [dkt. # 17], and (6) Motion to Expand the Record [dkt. # 25].

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 23, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record and Phillip Brown by electronic means or U.S. Mail on July 23, 2010.

s/Carol A. Pinegar
Deputy Clerk