UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,

    Petitioner,

                Case Number: 09-14850

v.

                HON. PATRICK J. DUGGAN

CINDI CURTIN,

    Respondent.
                 /

**OPINION AND ORDER (1) REOPENING HABEAS PROCEEDINGS; (2) DENYING PETITIONER'S MOTION TO CORRECT DOCKET; (3) GRANTING PETITIONER'S MOTION FOR RECONSIDERATION; (4) GRANTING PETITIONER'S MOTION TO TOLL THE HABEAS PETITION, THEREBY GRANTING MOTIONS FOR RELIEF FROM JUDGMENT; AND (5) STAYING THE CASE WITH CONDITIONS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 7, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
       U.S. DISTRICT COURT JUDGE

This matter presently is before the Court on several motions filed by Petitioner Phillip Brown ("Petitioner") after his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed as untimely pursuant to the statute's limitations period. This case originally was assigned to the Honorable Victoria A. Roberts, who issued the opinion and order dismissing the petition, but was reassigned to the undersigned as a companion matter on August 17, 2010. Petitioner's pending motions are as follows:

  (1) Motion to Correct Docket, filed August 3, 2010 (Doc. 28);

> (2) Motion for Reconsideration, filed August 3, 2010 (Doc. 29);
>
> (3) Motion to Apply the Mandatory Retro-Active Tolling and Re-Filing Rule of Griffin v. Rogers to [Petitioner's] Timely Petition for Writ of Habeas Corpus, filed August 3, 2010 (Doc. 30);
>
> (4) Motion for Relief from Judgment Upon Clerical Error, filed August 4, 2010 (Doc. 33);
>
> (5) Supplemental Brief in Support of [his] Motion for Relief from Judgment, filed August 15, 2010 (Doc. 38);
>
> (6) Motion for Relief from Judgment, filed August 16, 2010 (Doc. 40);
>
> (7) Second Supplemental Brief in Support of [his] Motion for Relief from Judgment, filed September 14, 2010 (Doc. 43); and
>
> (8) Motion to Stay for "Good Cause," filed September 29, 2010 (Doc. 45).

For the reasons that follow, the Court is granting Petitioner's motions for relief from judgment and for reconsideration and is reopening this case. The Court denies Petitioner's motion to correct the docket. In light of continuing pending state court matters, the Court grants Petitioner's motion to stay.

**Procedural Background**

This case arises from a shooting that occurred on April 3, 2002, resulting in the death of Randy Pardy. On February 10, 2003, following a jury trial in the Circuit Court for Oakland County, Michigan, Petitioner was convicted of first-degree premeditated murder for Pardy's death and felonious assault. He was sentenced to life in prison for the

murder conviction and twenty-three to forty-eight months in prison for the felonious assault conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising six claims. On August 19, 2004, the court affirmed Petitioner's conviction and sentence. *People v. Brown*, No. 247313, 2004 WL 1857995 (Mich. Ct. App. Aug. 19, 2004). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but the Court denied his application on June 28, 2005. *People v. Brown*, 472 Mich. 937, 698 N.W.2d 393 (2005).

On June 12, 2006, Petitioner filed a motion for relief from judgment in the state trial court in which he raised six additional claims. The trial court denied the motion on August 10, 2006. The court denied reconsideration on March 29, 2007. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals, which the Court denied. *People v. Brown*, No. 283419 (Mich. Ct. App. May 12, 2008). The appellate court denied reconsideration on July 15, 2008. Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court, which the Court denied on March 23, 2009. *People v. Brown*, 483 Mic. 912, 762 N.W.2d 517 (2009).

In the meantime, on November 4, 2008, Petitioner filed a state habeas action in the Circuit Court for Manistee County, Michigan. The Manistee County Circuit Court denied the action on November 14, 2008. Petitioner's motion for reconsideration of that decision was denied on March 13, 2009. Petitioner's subsequent appeals of those decisions were

rejected by the Michigan Court of Appeals and the Michigan Supreme Court. *Brown v. Dep't of Corrections*, No. 289220 (Mich. Ct. App. Apr. 8, 2009); *Brown v. Dep't of Corrections*, 484 Mich. 870, 769 N.W.2d 714 (Aug. 6, 2009).

On April 20, 2009, Petitioner filed a delayed motion for a new trial in the Oakland County Circuit Court, which the court rejected as improperly filed. The trial court then permitted Petitioner to file a second successive post-conviction motion, which Petition filed on January 29, 2010. That motion remains pending and, on July 30, 2010, the trial court ordered the county prosecutor to file an answer.

In the interim, on May 4, 2009, Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court in which he challenged his 2003 convictions. The petition was assigned to the undersigned as Civil Case No. 09-11679. *Brown v. Harry*, No. 09-11679 (E.D. Mich. filed May 4, 2009). On the same date that he instituted this action, Petitioner filed a motion to stay the proceedings due to his pending state court matters.

In an opinion and order entered July 13, 2009, this Court denied Petitioner's motion to hold his petition in abeyance pending resolution of the state court matters. Op. and Order, *Brown v. Harry*, No. 09-11679 (E.D. Mich. July 13, 2009) (Doc. 6). Finding that Petitioner had more than three months remaining of the one-year statute of limitations period set forth in § 2244, the Court concluded that Petitioner's habeas petition was not an appropriate case for the stay-and-abeyance procedure discussed in the Supreme

4

Court's decision of *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528 (2005).[1] *Id*. at 5-6. The Court therefore dismissed the habeas petition without prejudice. Notably, Respondent was not served with the petition before it was dismissed.

On October 2, 2009, Petitioner filed a second application for habeas relief pursuant to § 2254 challenging his 2003 convictions. *Brown v. Harry*, No. 09-13899 (E.D. Mich.) Although originally assigned to the Honorable Anna Diggs Taylor, the matter was reassigned to the undersigned as a companion matter to Petitioner's first application for habeas relief. On the same date that he filed his petition, Petitioner filed a motion to hold the petition in abeyance due to the pending state court matters. He then filed a motion to excuse exhaustion, a conditional notice of dismissal of his unexhausted claim (to be effectuated if the Court denied his requests to hold the petition in abeyance or to excuse exhaustion), as well as a first amended petition supplementing his original petition.

On November 10, 2009, for the reasons stated in the opinion and order dismissing Petitioner's first petition, this Court denied Petitioner's motion to hold his petition in abeyance and dismissed the petition without prejudice. Op. and Order, *Brown v. Harry*, No. 09-13899 (E.D. Mich. Nov. 10, 2009) (Doc. 8). The Court also denied Petitioner's request to excuse the exhaustion requirement, based on the well-settled rule that a federal court may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *Id*. at 2 (citing *Harris v. Lafler*, 553 F.3d 1028, 2031 (6th Cir. 2009)).

---

[1] The Court further noted that the time in which Petitioner's federal habeas petition had been pending would be equitably tolled. *Id*. at 5 n.1.

Although Petitioner sought to dismiss his unexhausted claim, the Court concluded that even without the claim his petition had to be dismissed while an action remained pending in the state courts as the state courts' decisions could result in the reversal of his convictions and thereby moot the federal questions presented for habeas review. *Id*. at 3. The Court advised Petitioner, as it had in its November 10, 2009 opinion and order in Case No. 09-11679, that "if his pending state court action results in a final adverse ruling, he must file his habeas petition with this Court within three months of that ruling." *Id*. at 3 n.1.

On December 14, 2009, Petitioner filed yet another application for habeas relief pursuant to § 2254 in this District challenging his 2003 convictions. This petition was assigned to Judge Roberts under the above-captioned case number. On December 30, 2009, Respondent was ordered to file a response to the petition by June 30, 2010. On June 18, 2010, Respondent filed a motion for summary judgment, arguing that the petition must be dismissed as untimely pursuant to § 2254's one-year limitations period. Apparently unaware of the previous federal habeas corpus proceedings initiated by Petitioner and this Court's decisions in those proceedings, Judge Roberts ruled that Petitioner's application for habeas relief was untimely and therefore granted Respondent's motion for summary judgment. (Doc. 26.)

In light of his previously filed habeas corpus petitions, this Court's disposition of those petitions, and post-conviction proceedings that were not considered in Judge Roberts' decision, Petitioner filed his pending motions.

## Discussion

### Motion to Correct Docket

In this motion, Petitioner requests that the Court correct the docket to reflect that his habeas petition was filed on December 8, 2009, rather than December 14, 2009. Judge Roberts noted in her July 23, 2010 opinion and order that Petitioner signed his habeas petition on the earlier date, although the petition was filed on the docket on the latter date. Therefore, there is no need to correct the docket. However, the Court notes that for statute of limitations purposes, Petitioner's application is considered filed on December 8, 2009.

### Motion for Reconsideration

In his motion for reconsideration, Petitioner asks the Court to correct Judge Roberts' finding that he did not file a reply (i.e. response) brief in opposition to Respondent's motion for summary judgment. (Doc. 26 at 1.) Petitioner in fact filed a response on July 6, 2010, labeled "Petitioner's Opposition to Respondent's Motion for Summary Judgment." (Doc. 19.) Thus the Court takes note– for whatever purpose it will serve– that Petitioner filed a response to Respondent's June 18, 2010 motion for summary judgment.

### Motions Seeking Reinstatement of Petition

Petitioner makes several arguments to support reinstatement of his habeas petition and a finding that the petition is timely filed. This Court agrees that the petition must be reinstated and found timely, although the Court finds it unnecessary to address each of the

arguments Petitioner sets forth to support this outcome.

In at least two prior decisions, this Court advised Petitioner that he had more than three months remaining of the one-year limitations period to file his federal habeas corpus petition. It was for this reason that the Court declined to stay the petitions filed on May 4 and October 2, 2009. Petitioner has been diligent in seeking to exhaust his claims in the state courts and did not delay returning to federal court once his claims were exhausted. In fact, Petitioner re-filed his petition for the third time (in this case) even before the state court decided his second successive post-conviction motion, which the Oakland County Circuit Court granted him permission to file. *See supra*.

The Sixth Circuit Court of Appeals has recognized "a new period of *mandatory* equitable tolling for petitioners who filed their federal habeas petitions within the statute of limitations but were forced to return to state court to exhaust certain claims." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also Palmer v. Carlton*, 276 F3d 777 (6th Cir. 2002). These cases dictate that the court should "mechanically permit a re-filing that would have been available had the case been conditionally stayed rather than dismissed." *Id*. It applies where the petitioner has promptly (within thirty days) pursued state court remedies and returned to federal court within a similarly brief interval after state court exhaustion. *Id*. at 633.

Even if mandatory equitable tolling did not provide Petitioner relief, this Court would find that he is entitled to traditional equitable tolling. The United States Supreme Court has now held that the habeas statute of limitations "is subject to equitable tolling in

appropriate cases." *Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010).

Traditional equitable tolling generally applies when a petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005)). Petitioner has been diligent, to a fault, in pursuing his rights. The procedural background of Petitioner's cases clearly establish extraordinary circumstances justifying equitable tolling.

## Motion to Stay

As indicated earlier, Petitioner's second successive post-conviction motion remains pending before the Oakland County Circuit Court. A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Rhines*, 544 U.S. at 278, 125 S. Ct. 1535. Given the procedural history of Petitioner's federal habeas filings and the fact that the outright dismissal of his current petition might result in preclusion of his claims in the future, the Court finds it more appropriate to follow *Rhines*' stay-and-abeyance procedure. This stay, however, is conditioned upon Petitioner returning to federal court within thirty days after exhausting the claim(s) now before the state court. Petitioner shall not file a new habeas petition at that time; instead he must file a motion in *this* case seeking to lift the stay.[2]

---

[2]To emphasize, to avoid any confusion and chance that a new case will be opened and assigned to a different judge, Petitioner should file a motion under the above case caption and

9

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion to Correct the Docket (Doc. 28) is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion for Reconsideration (Doc. 29) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's Motion to Toll the Habeas Petition (Doc. 30) is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's motions for relief from judgment (Docs. 33 and 40) are **GRANTED**;

**IT IS FURTHER ORDERED**, that the July 23, 2010 opinion and order dismissing with prejudice Petitioner's petition for a writ of habeas corpus is **VACATED** and the petition is **REINSTATED**. The Clerk of the Court shall reopen this case;

**IT IS FURTHER ORDERED**, that the case is **STAYED** on the condition that Petitioner return to federal court within thirty (30) days of exhausting his unexhausted claim(s) in state court.

sPATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Copies to:  
Phillip Brown, #271566  
Oaks Correctional Facility  
1500 Caberfae Hwy.  
Manistee, MI 49660

---

titled: "motion to lift stay."

AAG Raina I. Korbakis