UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Phillip Brown,

        Petitioner,                      Case No. 09-CV-14850

v.                                          Honorable Patrick J. Duggan

David Bergh,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTIONS: (1) FOR CLARIFICATION [ECF NO. 82], (2) TO AMEND CAPTION [ECF NO. 83], (3) TO FILE SUPPLEMENTAL BRIEF [ECF NO. 86], AND (4) TO AMEND PETITION [ECF NO. 87]; AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS (1) TO EXPAND RECORD [ECF NO. 84] AND (2) FOR EVIDENTIARY HEARING [ECF NO. 93]**

Petitioner Phillip Brown is a Michigan prisoner seeking habeas relief pursuant to 28 U.S.C. § 2254.  The matter presently is before the Court on the following motions filed by Petitioner: (1) motion for clarification; (2) motion to amend caption; (3) motion to expand record; (4) motion for leave to file supplemental brief; (5) motion to amend petition; and (6) motion for evidentiary hearing.

### Motion for Clarification

In his motion for clarification, Petitioner asserts that he intended for his amended petition [ECF No. 3] to be considered along with his counsel's

supplemental brief [ECF No. 78] when the Court decides the case. Together these two pleadings raise fourteen grounds in support of Petitioner's requested relief. Respondent's Answer [ECF No. 90] reflects that he interpreted Petitioner's pleadings as raising these fourteen claims. The Court likewise construes these pleadings as raising fourteen claims. Therefore, the Court is granting Petitioner's motion for clarification.

## Motion to Amend Caption

In this motion, Petitioner indicates that he now is incarcerated at the Thumb Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. *See* Rule 2(a) of the Rules Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) (citing *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir.1996)). The Court therefore is granting Petitioner's motion to amend the caption and substitutes Warden David Bergh of the Thumb Correctional Facility as Respondent in this matter.

## Motion to Expand

Petitioner seeks to expand the record by admitting affidavits from two witnesses to support several of his claims. The Court may permit the record to be

expanded to include additional materials relevant to the determination of the habeas petition. *See* Rule 7 of the Rules Governing § 2254 Cases. To the extent the requested materials were submitted to the state courts on direct or collateral review, they are part of the state court record and can be considered by the Court pursuant to Rule 5 of the Rules Governing § 2254 Cases. However, to the extent the materials are new and were not part of the state court record, they may not be considered by the Court on habeas review. *See Cullen v. Pinholster*, – U.S. – , 131 S. Ct. 1388, 1398 (2011) (ruling that habeas review under 28 U.S.C. § 2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits").

At this juncture, the Court is not prepared to decide whether it will be reviewing the merits of the claims for which this evidence is submitted or whether the evidence was part of the state court record. The Court therefore is denying without prejudice Petitioner's request to expand the record. If the Court eventually considers the merits of the claims, it will consider the affidavits if it can do so pursuant to *Pinholster*. Petitioner need not renew his motion to have the evidence considered.

### Motion to File Supplemental Brief

Petitioner seeks permission to file a supplemental brief addressing what he

claims are significant changes in the law with respect to the standard of review. Petitioner, in fact, has already filed the supplemental brief [ECF No. 88]. Respondent's Answer was filed after the filing of the supplemental brief and addresses the standard of review issues Petitioner raises. The Court will consider Petitioner's supplemental brief in its dispositive opinion. As such, the Court is granting the motion to file the supplemental brief.

## Motion to Amend Petition

Petitioner seeks to add three new claims to his petition. He asserts that these claims were exhausted during state post-conviction proceedings. Petitioner states that he attempted to add these issues to his petition in his motion for leave to amend [ECF No. 71] when he moved to stay this case [ECF No. 70], but that the Court misconstrued his intent when it denied the motion [ECF No. 81].

Although Respondent already filed a response, Federal Rule of Civil Procedure 15 provides that the Court should freely allow a party to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). Respondent will not be prejudiced if the Court allows Petitioner to amend his petition to add these three additional claims. The Court, therefore, is granting the motion to amend.

Respondent may file a supplemental answer addressing these three claims within forty-five (45) days of this Order.

## Evidentiary Hearing

Petitioner seeks an evidentiary hearing to support several of his claims. He asserts that these claims are not subject to procedural default and were not adjudicated on the merits by the state courts.

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* (citation and footnote omitted). "[I]f the record refutes the [habeas petitioner's] factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001) (citation omitted). "Under [the] AEDPA, evidentiary hearings are not mandatory." *Vroman v. Brigano*, 346 F.3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute,

and the state courts did not hold a full and fair evidentiary hearing." *Stanford*, 266 F.3d at 459.

Petitioner's motion for an evidentiary hearing is being denied without prejudice because the Court has not yet had an opportunity to review the pleadings and record in this case. Thus, the Court has not determined whether an evidentiary hearing on Petitioner's claims is needed. Once the Court reviews the pleadings, the Rule 5 materials, and any additional materials filed, it will be in a better position to determine whether an evidentiary hearing is necessary to resolve the claims raised in the petition. Petitioner need not renew his motion for the Court to make this determination.

Accordingly,

**IT IS ORDERED**, that Petitioner's motion for clarification [ECF No. 82] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to amend caption [ECF No. 83] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to expand the record [ECF No. 84] is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to file a supplemental brief [ECF No. 86] is **GRANTED**;

**IT IS FURTHER ORDERED**, that Petitioner's motion to amend the petition [ECF No. 87] is **GRANTED** and Respondent may file a supplemental answer to address the amendment within forty-five (45) days;

**IT IS FURTHER ORDERED**, that Petitioner's motion for an evidentiary hearing [ECF No. 93] is **DENIED WITHOUT PREJUDICE**.

Dated: September 11, 2013

<u>s/Patrick J. Duggan</u>
United States District Judge

Copies to:
Paul D. Hudson, Esq.
AAG Raina I. Korbakis