UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,

    Petitioner,                             Case Number 09-CV-14850

                                                    Honorable Patrick J. Duggan

DAVID BERGH,

    Respondent.
_____/

### OPINION AND ORDER REGARDING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Petitioner Phillip Brown, a state prisoner, filed this case under 28 U.S.C. § 2254. On June 12, 2014, the Court issued an Opinion and Order denying Petitioner's habeas petition but granting a certificate of appealability with respect to several of his claims. Petitioner appealed the decision to the United States Court of Appeals for the Sixth Circuit, and that appeal is pending. *See Brown v. Curtin*, No. 14-1876 (6th Cir.). Presently before the Court is Petitioner's motion for relief from judgment. Petitioner asserts the following arguments: (1) the Court erred in its recitation of the procedural history, (2) the Court listed the wrong Respondent, (3) the Court erred in its recitation of the facts, (4) the Department of Corrections transferred his place of incarceration in violation of Federal Rule of Appellate Procedure 23(a), and (5) Petitioner is actually innocent. For the reasons that follow, the Court will deny the motion.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for the following reasons, among others: mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, and misconduct by an opposing party. Addressing Petitioner's Rule 60(b) motion is complicated by the fact that this case is presently pending before the Sixth Circuit on appeal. The Sixth Circuit has established that when an appeal is pending from a district court's judgment, the district court is deprived of jurisdiction to issue a final ruling on a Rule 60(b) motion. *See Post v. Bradshaw*, 422 F.3d 419, 421-22 (6th Cir. 2005). The proper procedure in such circumstances calls for Petitioner to "file his motion in the District Court" and "[i]f that court indicates that it will grant the motion, the appellant should then make a motion in [the appeals court] for a remand of the case in order that the District Court may grant the motion." *First Nat'l Bank of Salem v. Hirsch*, 535 F.2d 343, 346 (6th Cir. 1976). If the district court is not disposed to grant the motion, "the appeal will be considered in regular course." *Id.*

Thus, while this Court lacks subject matter jurisdiction to resolve Petitioner's Rule 60(b) motion due to his pending appeal, the Court nevertheless considers the merits of the motion pursuant to the Sixth Circuit's preferred procedure for addressing Rule 60(b) motions filed in habeas cases pending on appeal. Upon review, the Court concludes that the motion is not meritorious and, therefore, is not disposed to grant

it.  The Court addresses Petitioner's arguments in turn.

## A.  Error in Procedural History

Petitioner first asserts that the Court erroneously stated in its opinion denying habeas relief, *see* ECF No. 109 (Page ID 3736), that one of his many state post-conviction motions, a delayed motion for new trial filed on April 20, 2009, was denied by the trial court because it was "improperly filed."  Ultimately, and as this Court stated in the very next sentence of its opinion, the trial court denied this attempt at state post-conviction review in an order dated December 17, 2010.  The timing and basis for the trial court's decision played no role in the outcome of this case.  It concerns a state appeal that was ultimately abandoned by Petitioner.  Nor does Petitioner indicate how this alleged error in the procedural history prejudiced him.  This allegation of error does not provide a basis for relief from judgment.

## B.  Improper Respondent

Petitioner argues that the Court, in various opinions and orders issued in this case, has identified the wrong Respondent in the caption.  The proper respondent in a habeas corpus action is the person who holds the petitioner in custody.  *See* 28 U.S.C. §§ 2242 ¶ 2 and 2243 ¶ 2; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner is currently incarcerated at the Chippewa Correctional Facility, where the Warden is Jeffery Woods.  Because Jeffrey

Woods currently has custody of Petitioner, the Court will amend he caption to reflect the correct name of Respondent. The Clerk of the Court is ordered to terminate David Bergh and Cindi Curtin as Respondents and to substitute Jeffery Woods as Respondent.

## C. Factual Error Involving Petitioner's Arrest

Petitioner asserts that he was not arrested in Georgia three days after the crime, but that he turned himself into police in Georgia one day after the homicide. The Court addressed and rejected the argument that this difference in characterization of Petitioner's arrest had any bearing in the outcome of his case in its order denying his motion for reconsideration. *See* ECF No. 116 (Page ID 3813-14). As previously explained, the trial record shows that police witnesses testified that Petitioner traveled to Georgia immediately following the homicide. There, he was arrested and his car was impounded, T II, pp. 176-177, 212, and he was later extradited to Michigan. T II, p. 212. Petitioner testified in his own defense that he turned himself in. T III, p. 189. Petitioner's defense counsel in closing argument tried to explain why Petitioner fled to Georgia after the homicide. T IV, p. 239. It is perfectly possible to characterize Petitioner's travels to Georgia as an effort to flea, and if he later turned himself in, as a change of heart. The police witnesses' characterization of what occurred and the Court's recitation of the facts, which simply state that "Petitioner

was arrested in Georgia three days later," ECF No. 109 (Page IF 3733), had no bearing on the resolution of any of Petitioner's claims and does not merit relief from judgment.

**D. Transfer to Different Facility**

Petitioner asserts that he was transferred to another correctional facility on April 7, 2015 in violation of Federal Rule of Appellate Procedure 23(a), which provides that a court order is necessary before transferring to a different facility a prisoner with a habeas petition pending in federal court. However, even if Petitioner was transferred in violation of Rule 23(a), Petitioner would not be entitled to relief from judgment, especially a judgment entered before the allegedly unauthorized transfer. *See Goodman v. Keohane*, 663 F.2d 1044, 1047 (11th Cir. 1981) (violation of Rule 23(a) does not entitle petitioner to habeas relief). Nor would Petitioner be entitled to "a re-transfer," which is the relief he seeks, because Rule 23(a) "was designed to prevent prison officials from impeding a prisoner's attempt to obtain habeas corpus relief by physically removing the prisoner from the territorial jurisdiction of the court in which a habeas petition is pending," and "transfers made in violation of the rule do not divest a court reviewing a habeas decision of its jurisdiction, regardless of the petitioner's absence from the territorial jurisdiction of the court." *Id.*

**E. Actual Innocence**

Petitioner once again states that he is actually innocent because he did not stab the victim on the floor of the bathroom as the evidence suggested and the prosecutor argued. Petitioner adds nothing new to this argument that was not already presented and rejected by this Court. Weigold testified that after Petitioner shot the victim with the arrow, the victim ran past him through the kitchen. TT II, 85. Petitioner chased after the victim holding the knife and, in fact, took a swing at Weigold when Weigold attempted to stop him. TT II, 87-90. Though Weigold did not see where the victim ran, the evidence indicates that he barricaded himself in the bathroom. The footprints found on the inside of the bathroom door as well as the fact that the door was broken indicate that Petitioner did not stop his assault in the kitchen but continued to pursue and attack the victim after he had barricaded himself. Logically, then, the victim must have been stabbed in the bathroom, the place Petitioner finally caught him. Furthermore, Petitioner attempted to dispose of the knife in the bathroom garbage can, TT I, pp. 243, 256-257, another fact supporting the theory that the attack continued into the bathroom. The medical examiner testified that one stab wound went between the victim's ribs and pierced his heart. TT III, 28-30. Thus, while it is true that the medical examiner could not determine the position of the victim when he was stabbed, the other evidence at trial clearly indicated that Petitioner stabbed the victim in the bathroom. Again, the blood trail and other circumstantial evidence indicating a

prolonged attack belies Petitioner's self defense claim. He has not demonstrated actual innocence.

For the reasons stated,

**IT IS ORDERED** that the Court is **NOT DISPOSED** to grant Petitioner's motion for relief from judgment;

**IT IS FURTHER ORDERED** that the caption be amended to list Jeffery Woods as Respondent and that David Bergh and Cindi Curtin be terminated as Respondents in this matter.

                                        s/Patrick J. Duggan
                                        United States District Judge

Dated: August 18, 2015

Copies to:
Raina Korbakis
Paul Hudson
Phillip Brown