UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP BROWN,

          Petitioner,

v.

JEFFREY WOODS,

          Respondent.
_____/

Case No. 2:09-cv-14850

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PETITIONER'S MOTION TO VACATE
ORDER, [133], DENYING PETITIONER'S MOTION
FOR EVIDENTIARY HEARING, [134], AND DENYING
PETITIONER'S MOTION TO RE-OPEN HABEAS PROCEEDING,
[135], AND GRANTING RESPONDENT'S MOTION FOR EXTENSION, [139]**

Petitioner Philip Brown ("Petitioner") was convicted after a jury trial in the Oakland Circuit Court of first-degree murder and felonious assault, and he was sentenced to a mandatory term of life imprisonment. ECF 23-18, PgID 1546–47. After protracted appellate and post-conviction review proceedings in the state courts, Petitioner's federal habeas petition was denied by the Court on June 12, 2014. ECF 109. Petitioner appealed, and the Sixth Circuit affirmed. *Brown v. Curtin*, 661 F. App'x 398 (6th Cir. Nov. 4, 2016).

Before the Court are several motions filed by Petitioner that essentially ask the Court to reopen this case so he can relitigate and better support claims already rejected by the Court and the Sixth Circuit. ECF 133, 134, 135. Respondent was ordered to file a Response, but did so untimely. ECF 140. Respondent also filed a

motion for extension of time to file a response brief. ECF 139. For the reasons stated below, the Court will grant Respondent's motion to file its late response, and it will deny all of Petitioner's motions.

## BACKGROUND

Underneath the myriad of legal arguments presented by Petitioner in his motions rests the substantial weight of the evidence presented at trial demonstrating his guilt.

A more thorough account of the evidence presented at trial appears in the Sixth Circuit's amended opinion affirming the denial of the habeas petition. *See Brown*, 661 F. App'x at 400–04. In brief summary, Petitioner's conviction arises from his stabbing and shooting of Randy Pardy. Petitioner did not contest at trial that he killed Pardy, but he testified that he acted in self-defense. *Id*. at 401. The evidence presented at trial persuasively undermined that defense.

Brian Weigold, Petitioner's roommate, was an eyewitness to the homicide. Weigold testified that on the day of the incident Pardy entered the apartment he shared with Petitioner without knocking. Pardy and Weigold then went into Weigold's room. *Id*. at 401

Seconds after Purdy left Weigold's room on his way out of the apartment, Weigold heard him scream that he had been shot. Weigold went out to investigate, and he saw Pardy leaning against a wall with an arrow sticking out of his arm. Wiegold then saw Petitioner run up to Pardy and jab at him with a knife, and noticed that Petitioner had a trigger release for his bow around his wrist. *Id*.

Pardy ran back through the kitchen towards the bathroom. As Petitioner pursued him past Weigold, Weigold tried to stop him, but he swung the knife at Weigold. At no time did Weigold see Pardy armed with a knife or other weapon. *Id*. Weigold ran outside and called 9-1-1. *Id*. Petitioner followed a short time late and told Wiegold not to say anything. Petitioner took off in his car and fled the state. *Id*.

When emergency responders arrived, they found Pardy lying on his back on the bathroom floor. *Id*. at 402. Pardy had two stab wounds to his abdomen, including one that pierced his heart, killing him. *Id*. A deputy found a bow, arrows, a quiver, and the trigger release outside near the apartment. One piece of the arrow that wounded Pardy was found in the garbage can in the bathroom, and the other broken part was found discarded outside. *Id*.

Petitioner testified that he acted in self-defense. *Id*. at 401. He confirmed the fact that he and Pardy got into an altercation when Pardy arrived at the apartment. But contrary to Weigold's testimony, he claimed that Pardy grabbed a knife off a shelf, causing him to fear for his life. *Id*. at 402–03. Petitioner testified that he ran into the utility room, grabbed his bow, and, without using the trigger release, shot Pardy as he advanced towards him with the knife. *Id*. at 403.

Petitioner testified that Pardy dropped the knife after being shot with the arrow. He claimed that when he saw Pardy reach down to retrieve the knife, Petitioner picked it up first and stabbed Pardy in the side. *Id*. While still armed with the knife, Petitioner pursued an unarmed Pardy into the bathroom. He then admitted to kicking open the door, but he denied stabbing Pardy again. *Id*.

3

Petitioner conceded that he had no justification for stabbing Pardy a second time, nor for chasing him into the bathroom. Once in the bathroom, Petitioner said he tried to pull the arrow out of Pardy's arm, but it broke in half. *Id*. at 403. He admitted to then grabbing the bow, the trigger release he denied using, and arrows, and then threw them over a fence on the way to his car. *Id*. The evidence proving Petitioner's guilt and disproving self-defense was extremely strong.

The numerous legal claims Petitioner raised in his state court appeals, his federal habeas petition, the appeal of its denial, and in the present motions are all based on three factual predicates. First, the jury sent a note to the court during its deliberations asking whether fingerprints were found on the knife. Ultimately, the court instructed the jury: "There were no fingerprints found on the knife." ECF 135, PgID 4204. The record indicates that the prosecutor and defense counsel stipulated to the answer given by the trial court, though no fingerprint evidence regarding the knife was admitted at trial. *Brown*, 661 Fed. App'x at 409.

Petitioner raises a number of legal claims related to the jury note. He claims that he was denied his right to be present during a critical stage. ECF 135, PgID 4227. He argues he was denied his right to confrontation regarding the information in the response. *Id*. at 4207. He asserts that he was denied his right to a public trial because the answer to the note was not given in open court. *Id*. at 4212. He asserts that his counsel was ineffective for entering into the stipulation and that his failure to object constituted the complete denial of counsel. Id. at 4222–23. It is difficult to

4

tell if Petitioner attached additional legal theories in relation to the note based on his briefing.

The second factual predicate for Petitioner's claims involves the fact that Weigold had a pending felony at the time of trial. ECF 134, PgID 4141. Petitioner argues that he was unable to cross-examine Wigold about these felonies to show motive and bias, which deprived him of his Sixth Amendment right to confront witnesses. *Id*; ECF 1, PgID 3.

The final factual predicate is a relatively brief exchange during Petitioner's cross-examination when the prosecutor asked Petitioner whether he told a detective in jail that he "acted in a violent manner." *See* ECF 135, 4220–22. Defense counsel objected, Petitioner denied he made the statement, and no extrinsic evidence was offered to show that he made such a statement. ECF 23-14, PgID 1376–1384. Petitioner claims that his right against self-incrimination was denied by the exchange. ECF 135, 4220.

In his motion for relief from judgment Petitioner takes these three factual predicates and the legal claims surrounding them, and in overlapping and rather abstruse arguments, asserts that there were seven "defects" in the manner the Court and the Sixth Circuit adjudicated his claims: (1) the courts failed to apply current Supreme Court law with respect to his claim that the response to the jury note violated his confrontation rights, looked to the wrong state court decision to adjudicate the claim, failed to address whether Petitioner waived the claim, failed to order an evidentiary hearing on trial counsel's affidavit claiming that he did not

5

stipulate to the response to the note, and failed to address the prejudicial impact of the answer to the jury; (2) the Sixth Circuit erred in failing to order a mandatory evidentiary hearing to determine the prejudicial impact of the response to the note; (3) the courts failed to adjudicate the merits of his claim regarding his alleged statement about acting in a violent manner; (4) the courts failed to adjudicate his denial of counsel claims at a critical stage and/or Strickland claims with a complete trial record; (5) the courts failed to address Petitioner's structural error arguments; (6) the courts failed to address Petitioner's prosecutorial misconduct claims; and (7) the courts failed to address Petitioner's free-standing ineffective assistance of appellate counsel claim. *See generally* ECF 135.

Petitioner's motion for an evidentiary hearing, despite its label, does *not* appear to seek a hearing regarding the reasons for the delay in filing his motion for relief from judgment. ECF 134. The body of the motion, as far as the Court can tell from the unclear arguments presented, asserts that Petitioner is entitled to a hearing on his substantive claims for habeas relief.

## **STANDARD OF REVIEW**

Petitioner states that he is filing his motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), (b)(3), (b)(6), (d)(1), and (d)(3). The subsections of Rule 60(b) relied upon by Petitioner permit a district court to grant relief from judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; or (6) any other reason that justifies relief.

6

The Supreme Court addressed the interplay of Rule 60(b) and 28 U.S.C. § 2244(b)'s prohibition against filing successive habeas petitions in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The *Gonzalez* Court found that "Rule 60(b) has an unquestionably valid role to play in habeas cases." *Id*. at 534. But a "true" Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id*. at 532. Rule 60(b) motions are appropriate "when no 'claim' is presented," and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction. . . ." *Id*. at 533.

*Gonzalez* provided guidance on how to apply its holding:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Gonzalez*, 545 U.S. at 532 (footnotes omitted) (emphasis in original). The Court further opined,

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a

7

previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id*. at 532 n.4 (citation omitted).

Many of the arguments presented by Petitioner in his motion for relief from judgment are prohibited attacks on a federal court's previous resolution of claims on the merits. To the extent it does so, those claims are not properly before the Court. The quality of the briefing makes it less than clear exactly what Petitioner is claiming. And as explained below, all of Petitioner's arguments are nevertheless without merit because at root they seek to recast issues Petitioner already presented or could have presented to both the Court and the Sixth Circuit and were rejected by both.

With respect to Petitioner's reliance on Rule 60(d)(1), that rule allows the Court to "entertain an independent action to relieve a party from a judgment, order or proceeding." But "an independent action should be available only to prevent a grave miscarriage of justice." *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998).

## **DISCUSSION**

I. <u>Respondent's Motion for Extension of Time</u>

Respondent was ordered to file a response to Petitioner's post-judgment motions by March 12, 2019. ECF 137. Respondent missed the deadline and filed a motion for extension of time on April 19, 2019, asserting that the assistant attorney general assigned to the case had been reassigned to a different unit. ECF 139. The response was filed on May 8, 2019. ECF 140. Federal Rule of Civil Procedure

6(b)(1)(A) authorizes the Court to extend any time period specified in its orders for good cause. The Court agrees with Respondent, and for the reasons stated in Respondent's motion, the motion for extension of time will be granted.

II. The Timing of Petitioner's Motion for Relief from Judgment

Petitioner purports to bring his motion for relief from judgment under three subsections of Rule 60(b): (1), (3), and (6). A 60(b) motion must be made within a reasonable time, and for reasons (1) and (3), not more than one year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). There is no explicit time limit for filing under Rule 60(b)(6), but the motion must be made within a "reasonable time." *See Thompson v. Bell*, 580 F.3d 423, 443–44 (6th Cir. 2009).

A party who fails to take timely action due to a reason stated in Rule 60(b)(1) or (3) may not seek relief more than a year after the judgment by invoking subsection (6) on the same basis. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993).

Petitioner primarily asserts that he is entitled to relief from judgment because both the Court and the Sixth Circuit failed to adjudicate several of his claims on the merits, improperly defaulted some of his claims, failed to use the proper standard, overlooked several of his arguments, and failed to recognize when and on what basis the state courts decided his claims. These arguments attempt to invoke the "mistake" ground for relief under Rule 60(b)(1). *See Barrier v. Beaver*, 712 F.2d 231, 234–35 (6th Cir. 1983) (Rule 60(b)(1) encompasses mistakes that constitute inadvertent judicial

9

oversight). They do not speak to the longer time-period allowed for be subsection (b)(6).

Moreover, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay. . . . If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable." *Pioneer Inv. Servs. Co.*, 507 U.S. at 393 (internal citations and quotations omitted). Petitioner was certainly aware of the grounds for the decision by the Court, and he either did or could have raised any arguments about the Court's alleged failure to address any of his arguments on appeal to the Sixth Circuit. With respect to the Sixth Circuit's alleged failure to address some of Petitioner's arguments, Petitioner was aware of the grounds for the decision when the Sixth Circuit issued its first opinion on July 27, 2016. ECF 127. Petitioner then filed a petition for rehearing, raising arguments virtually indistinguishable from those raised in his 60(b) motion, and the Sixth Circuit issued an amended opinion on November 4, 2016. ECF 128. Petitioner filed for en banc rehearing from the amended opinion, raising (or having the ability to raise) the same issues he raises now. ECF 140-2, PgID 4421. Petitioner filed his 60(b) motion on December 7, 2018, over two years after the Sixth Circuit issued its amended opinion. ECF 135. Thus, to the extent Rule 60(b)(6) applies at all, Petitioner was not "faultless" for any delay because the grounds for his motion were all available to him when the courts issued their decisions. And even if subsection (b)(6) applies,

it was not reasonable for Petitioner to wait two years after the Sixth Circuit issued its amended decision to file his motion.

Petitioner also asserts that relief from judgment is also warranted under subsection (b)(3) for fraud because Respondent has allegedly fraudulently maintained throughout all proceedings that Petitioner's trial counsel stipulated to the answer to the jury note. *See generally* ECF 135. Petitioner's allegation is not new and has been advanced by Petitioner since 2009. ECF 1. His trial counsel's affidavit claiming that he never stipulated to the answer to the note is dated December 10, 2009. *See* ECF 135-2, PgID 4241. Petitioner has been making the allegation since the beginning of the action. He has not uncovered some new additional fraud to justify the delay in filing his motion for relief from judgment.

Because the Court construes Petitioner's motion as properly governed by Rule 60(b)(1), relief cannot be granted under Rule 60(b)(6), and the motion is barred from review under Rule 60(b)(1)'s time limitation. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 393. A Rule 60(b)(1) motion must be made "not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(c)(1). The Court does not have the discretion to extend Rule 60(b)'s period of limitation. Fed. R. Civ. P. 6(b)(2); *see also Smith v. Sec'y of Health & Human Servs.*, 776 F.2d 1330, 1332–33 (6th Cir. 1985).

Petitioner asserts that the one-year time limit is tolled for the period of time he was seeking direct review of the denial of his habeas petition. ECF 135, PgID 4200. Petitioner cites several cases from the Sixth Circuit that he claims stand for the

11

proposition, but none of those cases so hold. *Id.* Indeed, authority directly addressing the issue hold that the one-year period is not tolled during appeal. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1089 (10th Cir. 2005); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002); Wright and Miller, 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.) (Motion for relief from judgment "can be made even though an appeal has been taken and is pending. For this reason, it is held that the pendency of an appeal does not extend the one-year limit."). In fact, Petitioner filed an earlier motion for relief from judgment while his appeal was pending that the Court denied on August 18, 2015. *See* ECF 120.[1]

III. Relief Under Rule 60(d)

Petitioner makes no effort to develop an argument for why he is entitled to relief under Rule 60(d)(1) or (3). An independent action under Rule 60(d) is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47(1998). The Sixth Circuit has held that in the context of a habeas case, to demonstrate entitlement to relief under Rule 60(d), a petitioner must make a strong showing of actual innocence. *Mitchell v. Rees*, 651 F.3d 593, 595–96 (6th Cir. 2011) (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998). Petitioner makes no

---

[1] Petitioner also seeks an evidentiary hearing on the timeliness of his motion for relief from judgment. ECF 134. The arguments presented in the motion appear to address Petitioner's argument that his underlying substantive claims for habeas relief require an evidentiary hearing to be properly adjudicated. He does not appear to seek a hearing to demonstrate facts related to the reasons for the timing of his motion. That motion will therefore be denied.

attempt to demonstrate his actual innocence. He is not entitled to relief under Rule 60(d).

IV.   <u>Petitioner's Arguments are Barred by Law of the Case</u>

Assuming Petitioner's motion was timely filed, it fails because it asks the Court to reverse the decision of the Sixth Circuit based on arguments already rejected by that Court. Petitioner's motion is rather forthright about his intentions, claiming at various points that: (1) the "Sixth Circuit . . . misapplied the doctrine of default and waiver" with respect to his confrontation claim; (2) "[t]he Sixth Circuit clearly erred which precluded a merits decision;" (3) "the Sixth Circuit also engaged in a defective cause and prejudice analysis for IATC;" (4) "the Sixth Circuit misapplied the doctrines of default and waiver which precluded an actual merits decision;" (5) "on [r]e-[h]earing before the Sixth Circuit, the Panel admitted for the first time that the impartial jury claim had not been adjudicated on the merits, but did not remand for a *Remmer* hearing;" (6) "the Sixth Circuit compounded the defect in the lower court's judgment by failing to remand;" (7) "the Sixth Circuit followed suit by overlooking" Petitioner's trial counsels' affidavit; (8) "[t]he Sixth Circuit [i]mproperly [a]pplied AEDPA [d]eference [t]o [p]rejudice;" (9) "[b]oth Federal Courts identified the wrong state court judgment;" (10) "the Sixth Circuit compounded" the defect of not adjudicating the actual merits of Petitioner's claim "by again relying on the wrong state court judgment, failing to consider the factual record, and refusing to identify any relevant holdings for the right to be present;" (11) "the Sixth Circuit then compounded this defect [of not identifying prior Supreme Court holdings] in [its]

13

holding and suggested or held that 'any error' was subject to harmless analysis;" (12) "[t]he Sixth Circuit [i]mproperly [a]pplied '[l]ook [t]hrough' [a]nalysis [a]nd AEDPA [d]eference [t]o [t]he [w]rong [s]tate [c]ourt [j]udgment;" and (13) "the Sixth Circuit then erred by applying AEDPA deference to the wrong state court decision." ECF 135, PgID 4208–09, 4211, 4218–19, 4222, 4224, 4227–29, 4232–33.

After the Sixth Circuit issued its first opinion affirming the denial of the writ, Petitioner filed numerous motions for rehearing where he could have raised the aforementioned issues. *See* ECF 140-2. A habeas petitioner "may not raise arguments during [his] first federal habeas proceeding, lose those arguments (because he could not show prejudice), then raise the same arguments based on the same evidence in a Rule 60(b) motion." *Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011). The Sixth Circuit has unambiguously held "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). "[A]rguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b) motion." *Id*.

The law-of-the-case doctrine "precludes reconsideration of issues decided at an earlier stage of the case." *Yeschick v. Mineta*, 675 F.3d 622, 633 (6th Cir. 2012) (internal citations and quotations omitted); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). To the extent that Petitioner has added additional wrinkles to his arguments, the law-of-the-case doctrine also bars arguments that could have been, but were not, raised in a prior appeal. *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 505 F. App'x 430, 435 (6th Cir. 2012. Contrary to Petitioner's requested

14

relief, the Court may not reverse the decision of the Sixth Circuit. *United States v. Todd*, 920 F.2d 399, 403, n.1 (6th Cir. 1990) ("when a superior court determines the law of the case, an inferior court lacks the power to depart from it").

The Court finds that all the arguments raised by Petitioner in his motion for relief from judgment were, or could have been, raised by Petitioner on appeal. The Sixth Circuit either explicitly or implicitly rejected all of his current arguments when it issued its amended opinion and then denied rehearing and rehearing en banc. Petitioner has therefore failed to demonstrate entitlement to relief from judgment.

V.  Petitioner's Motion to Vacate Order Denying Reconsideration

The Court denied the habeas petition on June 12, 2014. ECF 109. Petitioner filed a motion for reconsideration on June 24, 2014. ECF 111. He then filed a notice of appeal on July 11, 2014. ECF 113. The Court denied reconsideration on March 20, 2015. ECF 116. Petitioner asserts that once he filed a notice of appeal, the Court lacked jurisdiction to rule on his motion for reconsideration. ECF 133, PgID 4122. Petitioner previously filed a motion to vacate the same order denying his motion for reconsideration, ECF 122, and the Court denied that motion. ECF 123. Petitioner's latest motion does not offer any new grounds for vacating the order denying reconsideration. The motion is therefore denied for the reasons previously stated.

VI.  Certificate of Appealability

Before Petitioner may appeal the rulings, a certificate of appealability must issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The following standard for determining whether a certificate of appealability should issue in the context of the denial of a Rule 60(b) motion:

> A COA should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion, and (2) jurists of reason would find it debatable whether the underlying habeas petition, in light of the grounds alleged to support the 60(b) motion, states a valid claim of the denial of a constitutional right.

*Carr v. Warren*, 2010 WL 2868421, *2 (E.D. Mich. July 21, 2010) (citing *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001). Petitioner fails to show that jurists of reason would find it debatable that the Court abused its discretion by denying his Rule 60(d) motion. The Court therefore denies a certificate of appealability.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's motion to vacate motion for reconsideration [133] is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioners motion for evidentiary hearing [134] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to reopen habeas proceeding [135] pursuant to Rule 60(b) is **DENIED**.

**IT IS FURTHER ORDERED** that Respondent's motion for extension of time [139] is **GRANTED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: August 30, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 30, 2019, by electronic and/or ordinary mail.

s/ Karri Sandusky on behalf of

David Parker, Case Manager
